**COHEN-JOHNSON, LLC**
H. STAN JOHNSON, ESQ.
Nevada Bar No. 00265
sjohnson@cohenjohnson.com
BRIAN A. MORRIS, ESQ.
Nevada Bar No. 11217
bam@cohenjohnson.com
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
Telephone: (702) 823-3500
Facsimile: (702) 823-3400
*Attorneys for Defendants and Counter-Claimant*

**COHEN-JOHNSON, LLC**
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RANDALL BRUCE BARLOW, an individual, | CASE NO. 2:13-cv-33-JAD-CWH |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER AND ORDER APPROVING STIPULATED PROTECTIVE ORDER** |
| DONALD S. HERMAN, both as an individual and as alter ego of THE HERMAN FAMILY TRUST; WILLOW CREEK AT SAN MARTIN ASSISTED LIVING, LLC; WILLOW CREEK SAN MARTIN BUILDING, LLC; WILLOW CREEK BUFFALO ASSISTED LIVING, LLC; WILLOW CREEK BUFFALO, LLC; WILLOW CREEK MEMORY CARE WEST, LLC; and SILVER CARE, LLC, | |
| Defendants. | |
| DONALD S. HERMAN, an individual, | |
| Counter-Claimant, | |
| vs. | |
| RANDALL BRUCE BARLOW, an individual; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive, | |
| Counter-Defendants. | |

**IT IS HEREBY STIPULATED, AGREED, AND UNDERSTOOD** by the parties to this action, by and through their undersigned counsel of record, that in the course of this litigation a party may produce documents and information that are claimed to be confidential and/or proprietary, and may be subject to confidentiality limitations on disclosure due to federal

laws (particularly the Federal Health Information Portability and Accountability Act (HIPAA), state laws, and privacy rights.  Public disclosure of such information could be detrimental to the producing party's and/or a non-producing party's interests.  Similarly, such confidential and/or proprietary information may be disclosed by written discovery, deposition testimony, or in other filings with the Court. The parties accordingly submit this Stipulated Protective Order for the approval and enforcement of the Court and hereby stipulate as follows:

1. In this Stipulated Protective Order, the words set forth below shall have the following meanings:

a. "Court" means this Court, and any judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

b. "Confidential" means any Information that the Designating Party believes in good faith is entitled to confidential treatment under applicable law.

c. "Confidential Materials" means any Documents, Testimony or Information designated as "Confidential" pursuant to the provisions of this Stipulated Protective Order.

d. "Designating Party" means the Party or non-party that designates materials as "Confidential."

e. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

f. "Documents" includes written, reported, or graphic matter, however stored, produced, or reproduced, including, but not limited to, testimony at depositions upon oral examination or upon written questions, answers to interrogatories, information obtained from the inspection of premises, tangible objects, or documents, answers to requests for admission, and anything that is a "writing" under applicable rules of evidence, and includes information set forth in responses to discovery requests, and deposition testimony, any material produced during discovery or otherwise, and any copies, reproductions, or summaries of all or any part of the foregoing.

////

COHEN-JOHNSON, LLC
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

g.      "Information" means the content of Documents or Testimony.

h.      "Proceeding" means the above-entitled proceeding Case No. 2:13-cv-JAD-CWH.

i.      "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

2.      Any party or non-party shall have the right to designate as Confidential (by stamping the relevant page or as otherwise set forth herein) any Document, response to discovery, Testimony or Information which the Designating Party considers in good faith to contain non-public information that is entitled to confidential treatment under applicable law ("Confidential Materials" as defined above).  Where a document or response consists of more than one page, the first page and each page on which Confidential Material appears shall be so designated.  For Confidential Materials produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Confidential Materials or items are stored the legend "Confidential."  If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the Confidential portions.

3.      A party or non-party shall have the right to designate portions or the entirety of the Testimony at the deposition as Confidential (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript, and to request the preparation of a separate transcript of such Confidential Materials.  Any other party may object to such designation in writing or on the record.  Upon such objection, the parties shall follow the procedures described in paragraph 9 below.  After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 10 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

COHEN-JOHNSON, LLC
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

4. All Confidential Materials produced or exchanged in the course of this case (other than information that is publicly available) shall not be used for any purpose other than the prosecution or defense of this case.

5. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, materials designated as "Confidential" shall not be disclosed to any person other than the following persons:

a. the Court and Court personnel as allowed or directed by the Court, as well as any mediator or settlement judge that may by retained by the parties or assigned by the Court; provided however, that a party seeking to file "Confidential Materials" in connection with any motion must file a motion to seal pursuant to applicable rules;

b. the parties, including any officer or employee of a party, to the extent deemed necessary by legal counsel for the prosecution or defense of this litigation;

c. outside legal counsel for the parties, and those attorneys' respective employees and agents as necessary for the preparation of this action for trial;

d. certified court reporters and videographers transcribing or filming depositions or testimony involving such Confidential Materials;

e. experts or consultants retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "1" (which shall be retained by counsel to the party so disclosing the Confidential Materials and made available for inspection by opposing counsel during the pendency or after the termination of the action upon good cause shown and order of the Court) before being shown or given any Confidential Materials; and

f. a non-party witness who may be examined and may testify concerning such Confidential Material if (1) it appears on its face or from other documents that the witness is the author or recipient of the Confidential Material or (2) the witness had access to the Confidential Material during his or her former employment, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "1" (which shall be retained by counsel to the party so disclosing the Confidential Materials and made available for

COHEN-JOHNSON, LLC
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

COHEN-JOHNSON, LLC
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

inspection by opposing counsel during the pendency or after the termination of the action upon good cause shown and order of the Court) before being shown or given any Confidential Materials.

6.      Any persons receiving Confidential Materials shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

7.      Unless otherwise permitted by statute, rule or prior court order, if any party files "Confidential Materials" (including confidential portions of documents or transcripts) or any document, pleading, or brief that discloses the substance or content of such "Confidential Materials" in connection with any motion, other written submission, hearing or trial in this action, the filing party shall make such filing under seal in accordance with the local rules of this Court and any other procedures required by the Court and clearly labeled as follows: **"Confidential – Submitted Under Seal Pursuant to Protective Order Entered in this Matter"**; provided, however, that the burden of proving that such information should be sealed shall at all times remain on the party which designated the information as "Confidential."

8.      A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials.  Any party or non-party may voluntarily disclose to retained experts without restriction any information designated by that party or non-party as "Confidential Materials," although a document may lose its confidential status if it is made public.

9.      If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential.  The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.  Notwithstanding any challenge to the designation of material pursuant to this Stipulated Protective Order, all documents shall be treated as Confidential

COHEN-JOHNSON, LLC
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

Materials and shall be subject to the provisions hereof unless and until one of the following occurs: (a) the Designating Party withdraws the designation in writing; (b) the Designating Party fails to apply to the Court for an order designating the material Confidential within the time period specified above after receipt of a written challenge to such designation; or (c) the Court rules the material does not qualify as Confidential Material.

10.     The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.  The parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

11.     The inadvertent production by any of the undersigned Parties or non-Parties to the Proceeding of any Document, Testimony or Information during discovery in this Proceeding without a designation of "Confidential" shall be without prejudice to any claim that such item constitutes Confidential Material and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the Inadvertent Production Notice).  Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the designated Materials.  Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production.  This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges.  In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the

inadvertent production of Documents, Testimony or Information, such law shall govern.

12.     If any person subject to this Stipulated Protective Order who has custody of any Confidential Materials receives a subpoena or other process (Subpoena) from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission within 7 calendar days to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena.  Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law.  The recipient of the Subpoena may not produce any Confidential Materials pursuant to the Subpoena prior to the date specified for production on the Subpoena; provided, however, that nothing herein shall be construed as requiring the recipient of the Subpoena to challenge or appeal any order requiring production of Confidential Materials protected by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

13.     The entry of this Stipulated Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.  Nothing herein shall affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

14.     All provisions of this Order restricting the communication or use of Confidential Materials shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered.  Upon conclusion of the litigation, a party in the possession of Confidential Materials other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents

COHEN-JOHNSON, LLC
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

15.    Any party to the Proceeding who has not executed this Stipulated Protective Order as of the time it is presented to the Court for signature may thereafter become a party to this Stipulated Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other parties to this Stipulated Protective Order.

16.    Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written notice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

DATED this 20th day of August, 2013.          DATED this 20th day of August, 2013.

GORDON SILVER                                  COHEN-JOHNSON, LLC


/s/ Michael N. Feder                           /s/ H. Stan Johnson
MICHAEL N. FEDER                               H. STAN JOHNSON
Nevada Bar No. 7332                            Nevada Bar No. 00265
EUNICE M. BEATTIE                              BRIAN A. MORRIS
Nevada Bar No. 10382                           Nevada Bar No. 11217
3960 Howard Hughes Pkwy., 9th Floor            255 East Warm Springs Road, Suite 100
Las Vegas, Nevada 89169                        Las Vegas, Nevada  89119
*Attorneys for Plaintiff/Counter-Defendant*    *Attorneys for Defendants/Counter-Claimant*


## ORDER

The Court has reviewed and considered the parties' Stipulated Protective Order, and Good Cause Appearing Therefor, the Court approves the Stipulated Protective Order in its entirety.

IT IS HEREBY ORDERED this ___21st___ day of August, 2013.


_____
C.W. Hoffman, Jr.
United States Magistrate Judge

COHEN-JOHNSON, LLC
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

**EXHIBIT 1**

**CERTIFICATION**

I hereby certify my understanding that confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, 2013, in the matter of *Randall Bruce Barlow, Plaintiff/Counter-Defendant vs. Donald S. Herman, et al., Defendants/Counter-Claimant*, Case No. 2:13-cv-00033-JAD-CWH, now pending in the United States District Court for the District of Nevada.  I have been given a copy of that Order and read it.  I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order.  I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it.  No later than thirty (30) days after the conclusion of this action, I will return the confidential Information – including copies, notes or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information.  I hereby consent to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the Protective Order.

DATED: _____

_____
Name of Person Executing Certification

_____
Signature of Person Executing Certification

COHEN-JOHNSON, LLC
255 E. Warm Springs Road, Suite 100
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400