UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RANDALL BRUCE BARLOW, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:13-cv-00033-JAD-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DONALD S. HERMAN, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's Motion to Compel (#29), filed July 12, 2013; Defendants' Response (#31), filed July 29, 2013; and Plaintiff's Reply (#32), filed August 7, 2013.

**BACKGROUND**

The complaint in this matter was filed on January 8, 2013. (#1). Plaintiff seeks damages from Defendant Donald S. Herman, the Herman Family Trust, and several corporate entities (hereinafter "Defendants") for (1) breach of contract and (2) breach of the covenant of good faith and fair dealing. The case stems from the alleged breach of an employment contract. Defendants filed their answer on February 15, 2013. (#20).[1] The parties submitted a proposed discovery plan and scheduling order on April 19, 2013, which was granted by the Court. (#28).[2]

On May 17, 2013, Plaintiff propounded requests for admission, interrogatories, and requests for production upon each individual defendant. *See* Exs. 1-8 (interrogatories), 9-16 (requests for production) attached to Pl.'s Mot. to Compel (#29). Taken together, Plaintiff propounded

---

[1] Defendants' answer included counter claims, to which Plaintiff filed a responsive pleading on April 8, 2013.

[2] The discovery plan and scheduling order established October 14, 2013 as the discovery cutoff date and November 13, 2013 as the dispositive motions deadline. The discovery deadlines have subsequently been extended. The discovery cutoff date is now April 22, 2014 and the dispositive motions deadline May 23, 2014.

approximately 125 interrogatories and 160 requests for production.[3]  On the date the responses were due, June 19, 2013, Defendants' counsel requested a two to three week extension.  Plaintiff's counsel would only agree to a one week extension, or until June 28, 2013.  On July 1, 2013, defense counsel faxed Plaintiff's counsel a letter indicating that he was due to be in trial on a separate matter and would not be able to serve the responses until approximately July 19, 2013.  *See* Ex. 17 attached to Pl.'s Mot. (#29).  Plaintiff's counsel immediately responded indicating that the reasons offered for the late responses were insufficient and that any objections to the discovery requests were deemed waived under *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468 (9th Cir.).  *See* Ex. 18.  The parties conducted a telephonic conference on July 9, 2013, wherein defense counsel confirmed responses would not be received until July 19, 2013, and Plaintiff's counsel reiterated her belief that all objections had been waived.  *See* Ex. 19.  Shortly thereafter, Plaintiff filed this motion to compel (#29) seeking an order compelling responses to the various discovery requests and a finding that Defendants waived all objections.

On July 29, 2013, Defendants filed their response opposing the motion to compel.  (#31). Defendants reiterated their respect for the Court, opposing counsel, and the discovery process. They acknowledged that, at the time of filing the response to this motion, responses to the discovery requests had not been served, offering assurance that this failure was not intended to expand the litigation or waste resources.  Acknowledging further that many of the discovery requests are identical, defense counsel noted that the requests were propounded on each named defendant and, therefore, must be reviewed, analyzed, and answered by each respective defendant. Defense counsel noted further that the discovery requests were delivered to his clients and that he, along with his staff, undertook substantial time and effort to review and gather responsive information.  He asserts that the already complicated task of gathering responsive information was further hindered because Defendant Donald Herman had suffered a significant injury, of which Plaintiff and his counsel were aware.  Lastly, defense counsel noted that he was lead counsel in a

---

[3] These are in addition to requests for admission, which have been responded to and are not the subject of this motion.

bench trial in state court and, necessarily, spent considerable time preparing for and attending that trial. Ultimately, while acknowledging the responses were not timely filed, Defendants adamantly contend that the failure was not due to a lack of diligence. They committed to serving their responses by August 2, 2013, oppose the waiver of objections, and assert the responses will render Plaintiff's motion moot.

Before Plaintiff filed his reply brief (#32), Defendants served responses to the outstanding discovery requests. In reply, Plaintiff's counsel acknowledged receipt of the responses, but continued to assert that any objections to the outstanding discovery requests had been waived under *Richmark*. Calling the failure to respond a dilatory tactic, Plaintiff argues that "under no circumstances is it warranted for responses to discovery requests to be received 81 days after discovery requests are propounded." Plaintiff accuses Defendants of acting in bad faith regarding the timing of the discovery responses. Additionally, Plaintiff expands his original motion to include specific objections to several of Defendants' responses. Plaintiff continued to claim that he was prejudiced by the failure to provide timely responses by prohibiting him from being able to properly prepare expert reports. In addition to an order compelling responses without objections, Plaintiff, for the first time, requested sanctions under Rule 37(d) based on Defendants alleged failure to participate in the discovery process in good faith. Plaintiff also request an extension of the expert disclosure deadline.

## DISCUSSION

Federal Rule of Civil Procedure 37 permits a party to move for an order compelling disclosure or discovery. *See* Fed. R. Civ. P. 37(a)(1). Specifically, a party may move for an order compelling responses to Rule 33 and Rule 34 discovery requests.[4] *See* Fed. R. Civ. P. 37(a)(3)(B). Any motion to compel under Rule 37(a) must include a certification that the moving party has conferred, or attempted to confer, in good faith with the non-responsive party to obtain responses without court action. Fed. R. Civ. P. 37(a)(1); *see also* Local Rule ("LR") 26-7(b) ("Discovery

---

[4] Plaintiff does not specifically delineate under which section of Rule 37 the motion to compel is filed. However, the cases he cites to, specifically *Shuffle Master, Inc. v. Progressive Games*, 170 F.R.D. (D. Nev. 1996) address motions to compel under Rule 37(a). So the Court will consider Plaintiff's motion under Rule 37(a).

motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action.").[5] Additionally, based on the undisputed fact that Defendants did not file timely responses or objections, Plaintiff requests an order finding that Defendants waived any objections under *Richmark v. Timber Falling Consultants*, 959 F.2d 1468 (9th Cir. 1992).

Unless otherwise ordered, Rule 33(b)(2) requires a responding party to "serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). Rule 34 also requires the responding party to respond "in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). "Although Rule 34 does not contain an express provision that untimely objections are waived, the courts have interpreted the rule regarding waiver consistent with Rule 33." *Liguori v. Hansen*, 2012 WL 760747 (D. Nev.) (citing *Fifty-Six Hope Roade Music, Ltd. v. Maya Collections, Inc.*, 2007 WL 1746558 (D. Nev.). As held in *Richmark*, the general rule is that failure to object to Rule 33 or Rule 34 discovery requests in a timely manner results in the waiver of any objection. *Richmark*, 959 F.2d at 1473. "Courts, however, retain discretion to relieve a late or non-responding party from the potentially harsh consequences associated with waiver." *Liguori*, 2012 WL 760747 *11.

Rule 33 expressly provides that "[a]ny ground not stated in a timely objection is waived <u>unless</u> the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4) (emphasis added). Though Rule 34 does not expressly provide for relief from waiver, courts that have considered the issue generally agree that waiver under Rule 34 should be treated the same as waiver under Rule 33. *Liguori*, 2012 WL 760747 *12; *see also Fifty-Six Hope Roade Music*, 2007 WL 1726558 (determining whether to relieve a party from waiver under Rule 34); *Brown v. Stroud*, 2010 WL 3339524 (N.D. Cal.) ("Although Rule 34 does not expressly provide for any relief from a waiver of objections as does Rule 33, courts have granted such relief upon a showing of good cause."); *EEOC v. Kovacevich "5" Farms*, 2007 WL 1599772 ("Failure to respond to a Rule 34 request within the

---

[5] The undersigned has reviewed the moving papers and finds that Plaintiff met the obligation to meet and confer prior to filing this motion.

time permitted waives all objections . . . absent an extension of time to respond or a showing of good cause.").

In evaluating whether to excuse the failure to provide timely responses, the Court must determine whether there is good cause for the failure. *Liguori*, 2012 WL 760747 *12. Courts have broad discretion in determining whether there is good cause. *E.g. Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) ("The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions . . . will not be disturbed unless they evidence a clear abuse of discretion."). Generally speaking, analysis of whether there is good cause centers on the diligence of the party seeking relief and is determined on a case-by-case basis. Courts evaluate such relevant factors as: (1) the length of delay, (2) the reason for delay, (3) the existence of bad faith, (4) the prejudice to the party seeking waiver, (5) the nature of the request, and (6) the harshness of imposing sanctions. *Batts v. County of Santa Clara*, 2010 WL 1027990 (N.D. Cal.) (citing *Hall v. Sullivan*, 231 F.R.D. 468, 474 (D.Md. 2005)).

The Court has reviewed the briefing and finds that a waiver of objections in this instance is not appropriate. On May 17, 2013, Plaintiff propounded sixteen (16) separate sets of Rule 33 interrogatories and Rule 34 requests for production on the various defendants, totaling approximately 125 interrogatories and 160 requests for production. By any measure, the sheer volume of discovery requests at issue would have been difficult to respond to within thirty days in a manner consistent with Rules 33, 34, and 26(g). The task is made even more onerous when the discovery requests are spread amongst several different defendants. Recognizing this difficulty, Defendants' counsel requested a two to three week extension to provide responses. This imminently reasonable request was denied by Plaintiff's counsel, who insisted on a one week extension. Unable to meet this deadline, defense counsel again requested additional time to respond. Plaintiff's counsel again refused the requested extension choosing, instead, to file this motion to compel.

Defense counsel has demonstrated diligence in this matter by requesting two limited, reasonable extensions to serve responses. The length of delay in providing responses was relatively short, being approximately four weeks from the date the responses were originally due and the

filing of this motion. There is no evidence of bad faith. Defendants, through their chosen counsel, communicated the need for limited extension in a timely manner and demonstrated every willingness to alleviate any potential prejudice which might arise. Moreover, the only prejudice identified by Plaintiff was associated with deadlines within the scheduling order. Since the filing of this motion to compel, the parties have stipulated to three separate extensions of the discovery deadlines, including the expert disclosure date, which is now February 21, 2014. (#44). Thus, there is no prejudice to Plaintiff by permitting the responses without waiver.

As Plaintiff's reply makes clear, Defendants did, ultimately, provide responses before the briefing period closed on Plaintiff's motion to compel. To the extent Plaintiff seeks a ruling on specific responses in his reply, that request is denied as it raises new arguments not previously raised. Indeed, in addition to requesting responses without objection, Plaintiff's reply requests the Court to undertake analysis of the individual responses provided after Defendants' response was filed and before Plaintiff's reply was filed. It is improper for a party to raise a new argument in a reply brief because the opposing party is not afforded an opportunity to respond. *See Salem Vegas, L.P. v. Guanci,* 2013 WL 5493126 *3 (D.Nev.). Where the moving party presents new matters for the first time in a reply brief, the Court may either refuse to consider the new matters or allow the opposing party an opportunity to respond. *See Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir.2007) (citing *Koerner v. Grigas,* 328 F.3d 1039, 1048 (9th Cir.2003) ("[t]he district court need not consider arguments raised for the first time in a reply brief"). When permitted, a sur-reply may *"only [ ] address new matters raised in a reply to which a party would otherwise be unable to respond." Kanvick v. City of Reno,* 2008 WL 873085 n. 1 (D.Nev.) (emphasis in original). Plaintiff's reply is, essentially, a second motion to compel. Before the Court will consider compelling further responses, Plaintiff must first meet and confer with opposing counsel. *See* Fed. R. Civ. P. 37(a)(1); LR 26-7(b).

The Court further denies Plaintiff's request for sanctions under Rule 37(d), as it was included for the first time in the reply. The Court notes, however, that Defendants' responses were provided after the motion was filed. Pursuant to Rule 37(a)(5)(A), if requested discovery is provided after a motion to compel is filed "the court must, after giving an opportunity to be heard,

require the party ... whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Payment of reasonable expenses and attorney's fees is not required if the failure to respond was "substantially justified" or other circumstances would make an award "unjust." A discovery response is "substantially justified" if it is a response to a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action. *Flones v. Property & Cas. Ins. Co. of Hartford*, 2013 WL 5408659 (D. Nev.) (citations omitted).

The failure to timely respond in this matter was substantially justified. Defendants' counsel requested limited, reasonable extensions of time to respond to the voluminous discovery served on each defendant at the same time. The unwillingness of Plaintiff's counsel to agree to the reasonable requests looks more like improper gamesmanship than it does the desire to resolve a legitimate dispute. Rather than work with opposing counsel to obtain the responses, which defense counsel was attempting to procure and provide, Plaintiff's counsel refused to agree to a reasonable extension and accommodation. The Court is not inclined to reward this type of obstructive, uncivil behavior. *See Hauser v. Farrell*, 14 F.3d 1338, 1344 (9th Cir. 1994) ("Obstructive refusal to make reasonable accommodation . . . not only impairs the civility of our profession and the pleasures of the practice of law, but also needlessly increases litigation expense to clients."), *overruled on other grounds by Central Bank v. First Interstate Bank*, 511 U.S. 164, 173 (1994).

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (#29) is **denied**. Each party shall bear their own fees in filing and opposing the motion.

DATED: January 6, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**