GORDON SILVER
MICHAEL N. FEDER
Nevada Bar No. 7332
Email: mfeder@gordonsilver.com
EUNICE M. BEATTIE
Nevada Bar No. 10382
Email: ebeattie@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Tel: (702) 796-5555
Fax: (702) 369-2666
*Attorneys for Plaintiff/Counter-Defendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RANDALL BRUCE BARLOW, an individual, | CASE NO. 2:13-cv-33-JAD-CWH |
| Plaintiff, | |
| vs. | **EMERGENCY MOTION TO COMPEL DEPOSITIONS AND REQUEST FOR STAY OF REMAINING DEADLINES PENDING DETERMINATION OF THIS MOTION AND THE PENDING ORDER TO SHOW CAUSE[1]** |
| DONALD S. HERMAN, both as an individual and as alter ego of THE HERMAN FAMILY TRUST; WILLOW CREEK AT SAN MARTIN ASSISTED LIVING, LLC; WILLOW CREEK SAN MARTIN BUILDING, LLC; WILLOW CREEK BUFFALO ASSISTED LIVING, LLC; WILLOW CREEK BUFFALO, LLC; WILLOW CREEK MEMORY CARE WEST, LLC; and SILVER CARE, LLC, | |
| Defendants. | |
| DONALD S. HERMAN, an individual, | |
| Counter-Claimant, | |
| vs. | |
| RANDALL BRUCE BARLOW, an individual; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive, | |
| Counter-Defendants. | |

Plaintiff Randall Bruce Barlow ("Mr. Barlow"), by and through his counsel,

---

[1] The Court should also consider this Motion a further supplement to the Order to Show Cause warranting the striking of Defendants' answer and counterclaim or, more appropriately at this point given Defendants' ongoing bad faith conduct, entering a default judgment against Defendants and in favor of Plaintiff.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104130-002/2464639

1 of 16

1  Gordon Silver, hereby files this Motion to Compel nine (9) depositions that were properly
2  noticed prior to the close of discovery (the "Motion"). This request is made on an Emergency
3  basis pursuant to LR 7-5.
4      This Motion is made and based on the following Memorandum of Points and Authorities,
5  the attached certification of counsel, the exhibits attached hereto, and any oral argument this
6  Court may permit at the hearing of this matter.

### DECLARATION OF MICHAEL N. FEDER, ESQ., IN SUPPORT OF MOTION TO COMPEL PURSUANT TO LR 7-5 AND LR 26-7

I, Michael N. Feder, Esq., declare as follows:

1. I am counsel for the Plaintiff Mr. Barlow in this matter and have personal knowledge of the facts contained herein.

2. The parties have previously been before this Court on Plaintiff's Emergency Motion to Compel (Dkt. 54) and on Plaintiff's Emergency Motion for Order To Show Cause Why Defendants Should Not Be Held In Contempt Of The Court's May 1, 2014, Order ("Emergency Motion for Order to Show Cause"). (Dkt. 65). Defendants have <u>still</u> failed to produce all of the documents required by this Court's order of May 1, 2014 and, in fact, have failed to produce any additional documents following the hearing on September 4, 2014 on Plaintiff's Order to Show Cause.

3. Notwithstanding Defendants' ongoing failure to produce the documents required by the Court's Order of May 1, 2014, because discovery was scheduled to close on October 21, 2014, Plaintiff was left with no choice but to notice Defendants' depositions.

4. On October 7, 2014, my office prepared and served nine (9) notices of deposition, scheduling Defendants' depositions commencing on Wednesday, October 15, 2014 and continuing through Tuesday, October 21, 2014.

5. On October 13, 2014, six (6) days after the notices of deposition were emailed to Mr. Babero and five (5) days after hand delivering the notices of deposition to him, I received a voice mail message from Mr. Babero concerning the depositions. I returned the call later that day. This was the first communication I had with Mr. Babero since the September 4, 2014

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104130-002/2464639

2 of 16

hearing.

6. Mr. Babero advised that he was in New York City and, thus, the F.R.C.P. 30(b)(6) depositions of the corporate defendants noticed for Wednesday, October 15, 2014 through Friday, October 17, 2014, would not be going forward. Mr. Babero also stated that he would get back to me the next day (i.e. Tuesday, October 14, 2014) concerning the depositions, including the availability of the deponents for the depositions noticed for Monday, October 20, 2014 and Tuesday, October 21, 2014, including that of Mr. Herman himself. The timing is significant since discovery closed in this case on October 21, 2014.

7. Mr. Babero did not get back to me on October 14, 2014. On October 15, 2014 and October 16, 2014, I emailed Mr. Babero following up on our discussion on Monday, October 13, 2014. As a result of the events occurring as related to the depositions that were noticed, Plaintiff filed Plaintiff's (1) Supplement To His Emergency Motion For Order To Show Cause Why Defendants Should Not Be Held In Contempt Of The Court's May 1, 2014, Order And (2) Emergency Request For A Status Conference was filed ("Supplement to Emergency Motion for Order to Show Cause"). (Dkt. 70). A copy of my emails of October 15 and 16, 2014 are attached as Exhibit C to the Supplement to Emergency Motion for Order to Show Cause.

8. On October 17, 2014, I sent Mr. Babero an email stating that since no contact had been made by Mr. Babero, despite the multiple emails sent on October 15, 2014 and October 16, 2014, and the filing of the Supplement to Emergency Motion for Order to Show Cause, the depositions of Mr. Boman and the Herman Trust noticed for Monday, October 20, 2014, would be canceled without prejudice so as to avoid Plaintiff from having to waste any more money with my preparing for depositions where no one was going to show up. A copy of the October 17, 2014, correspondence is attached to the Motion as **Exhibit 1**. No one showed up for the depositions on October 20, 2014.

9. I further informed Mr. Babero that Plaintiff had been forced to cancel 8 of the 9 noticed depositions and Plaintiff was reserving his right to take all depositions if needed following the Court's ruling on the Emergency Motion for Order to Show Cause and Supplement to Emergency Motion for Order to Show Cause. Finally, I asked Mr. Babero to confirm, by no

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104130-002/2464639

3 of 16

later than Monday morning, October 20, 2014, whether Defendant Herman would be present for the deposition scheduled for October 21, 2014.

10. On October 20, 2014, at 4:13 PM, I sent Mr. Babero an email stating that since I did not hear from Mr. Babero confirming that Defendant Herman's deposition would be going forward on October 21, 2014, Plaintiff was forced to cancel that deposition as well. A copy of the October 20, 2104, correspondence is attached to the Motion as **Exhibit 2**.

11. In this correspondence, I also advised Mr. Babero that Plaintiff would be filing a Motion to Compel all of the noticed depositions along with a request for sanctions in addition to the sanctions already requested in this matter.

12. On October 20, 2014, at 4:30 PM, I received a response from Mr. Babero stating that he was responding to my email of October 16, 2014, advising that Defendant Herman would not be appearing at his deposition and again requesting an extension of the discovery deadline. A copy of the October 20, 2014, email and correspondence is attached to the Motion as **Exhibit 3**.

13. On October 20, 2014, at 5:41 PM, I responded to Mr. Babero's email and letter, a copy of which is attached to the Motion as **Exhibit 4**. First, I memorialized that Mr. Babero had never raised any issue about taking depositions during our telephone conference on October 13, 2014, and only stated that he would get back to me the next day (October 14, 2014) about the depositions we had noticed, which he never did. My October 20, 2014, email further memorialized that until Mr. Babero's October 20, 2014 communication, he failed to respond to any of my emails on the subject. Finally, my email advised that Plaintiff would not agree to yet another extension of the discovery period, except to the extent necessary given the pendency of the ruling on the Order to Show Cause, to allow Plaintiff to take the depositions that were properly noticed prior to the close of discovery (and to obtain the outstanding written discovery responses and documents still due from Defendants).[2] I have not received any response to my

---

[2] In my email, I inadvertently described Mr. Babero's request as the seventh (7th) extension of the discovery period. Upon further review of the docket, there have been five (5) extensions of the discovery period. Thus, Mr. Babero's request on October 20, 2014, would have been the sixth (6th) extension of the discovery deadlines.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104130-002/2464639

4 of 16

email.

14. Because discovery closed on October 21, 2014, it is requested that a hearing on this Motion be scheduled on an emergency basis, or otherwise as soon as practicable, to (a) compel the nine (9) depositions to occur if necessary following the Court's ruling on Plaintiff's Order to Show Cause requesting, *inter alia*, that Defendants' answer and counterclaim be stricken and (b) stay any pending deadlines in the interim. *See* Plaintiff's Emergency Motion for Order to Show Cause and Supplement to Emergency Motion for Order to Show Cause.

15. Plaintiff's counsel's contact information is as follows: Gordon Silver, 3960 Howard Hughes Parkway, 9th Floor, Las Vegas, Nevada 89169; telephone number is (702) 796-5555. Though not reflected in the docket of this case, Defendants' counsel's new contact information is: 3351 North Buffalo Drive, Las Vegas, Nevada 89129; telephone number is (702) 277-9943.

16. Despite a good faith effort to confer as to the discovery issues between the parties, we have been unable to reach resolution without court intervention. Defendants' counsel was advised in my email on October 20, 2014, that a Motion to Compel would be filed by Plaintiff regarding these discovery issues.

I declare under penalty of perjury that the foregoing is true and correct.

_____
MICHAEL N. FEDER, ESQ.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### BRIEF STATEMENT OF FACTS

This case arises from a dispute over an employment agreement (the "Agreement") entered into between the parties. Pursuant to the Agreement, Mr. Barlow was entitled to a salary, reimbursement for travel, and five percent (5%) ownership of the Defendant entities. In breach

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104130-002/2464639

5 of 16

of the Agreement, Defendants failed and refused to provide Mr. Barlow with his salary, reimbursement for travel, and five percent (5%) ownership of the Defendant entities.

## II.

## **PROCEDURAL HISTORY**

### A. **Events Leading Up To the Motion To Compel Filed On April 15, 2014**

On or about May 17, 2013, Mr. Barlow propounded written discovery requests upon Defendants; because responses were not timely received, Plaintiff filed a Motion to Compel. (Dkt. 29). Eventually, partial responses were received and it was agreed that further supplementation was necessary; however, before these issues could be resolved, Defendants' counsel, Mr. Johnson, Esq., filed a Motion to Withdraw, which was granted on December 19, 2013. (Dkt. 41).

On January 6, 2014, Mr. Ekins appeared as counsel for Defendants. (Dkt. 48). Despite many attempts by Plaintiff's counsel to resolve discovery issues without Court intervention, Defendants' counsel refused to meaningfully participate in conferring about discovery issues and Plaintiff's counsel was forced to file an Emergency Motion to Compel (the "Emergency Motion"). (Dkt. 54).

### B. **Events Occurring as a Result of the Emergency Motion Being Filed**

After the Emergency Motion was filed, on April 16, 2014, this Court <u>ordered</u> that Defendants' counsel contact Plaintiff's counsel for a LR 26-7 conference to discuss the issues outlined in the Emergency Motion. (Dkt. 55). Again, supplementation was promised but not received; thereafter, the Court ordered, in part, that Defendants "respond completely to the requests for discovery on the financial issues" by May 16, 2014. (Dkt. 59).

### C. **Events Leading Up To The Filing of Plaintiff's Emergency Motion for Order To Show Cause**

Again, complete responses to the discovery requests were not received despite the Court's entering of an order granting the Emergency Motion to Compel. (*See* Declaration in support of Emergency Motion for Order to Show Cause, at Dkt. 65). Having received no response to several attempts at email communication, Plaintiff's counsel conducted a LR 26-7

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104130-002/2464639

conference on July 23, 2014. (*Id.*). During the telephone conference, Defendants' counsel stated that he was in the process of withdrawing as counsel; as such, no further supplementation would be provided. (*Id.*).

On the afternoon of July 25, 2014, Plaintiff's counsel received a phone call from Mr. Andras Babero stating that he was a business associate of Defendant Herman (and an attorney). (*Id.*). He stated that he was assisting Mr. Herman in finding new counsel and/or considering undertaking representation of Mr. Herman and the Defendant entities. (*Id.*). As such, Mr. Babero requested a 30 day extension to respond to the discovery requests. (*Id.*).

On July 28, 2014, Plaintiff's counsel informed Mr. Babero that because: (1) the original responses were due on June 19, 2013, over a year ago; (2) the Court entered an order stating that the requests were due by May 16, 2014; and (3) he was not formally Defendants' counsel, Plaintiff's counsel was unable to grant another extension at this time. (*Id.*).

Based upon these ongoing events, in Defendants' utter disregard of this Court's order and Defendants' utter disregard of the entire discovery process, Plaintiff filed an Emergency Motion for Order to Show Cause from this Court to, among other things, seek cause why Defendants' answer and counterclaim should not be stricken given Defendants' continued disregard of the discovery process and this Court's order. (Dkt. 65).

**D.      Events Occurring As A Result of the Order to Show Cause Being Entered**

On July 31, 2014, this Court entered an Order to Show Cause, ordering in part that Defendants submit a written response to the Order on or before August 21, 2014. (Dkt. 66).

On August 13, 2014, this Court entered an order allowing the substitution of counsel for Defendants from Mr. Ekins to Mr. Andras Babero. (Dkt. 68). No response to the Order to Show Cause was filed by Mr. Babero, despite Mr. Babero's substitution prior to the deadline for filing such a response. (Dkt. 66).

Instead, Mr. Babero appeared before the Court at the September 4, 2014 hearing on the Order to Show Cause. (Dkt. 69). Among other comments made by Defendants' counsel during the hearing, Defendants' counsel represented and made assurances to the Court that Defendants would quickly be producing the outstanding documents required to be produced by the Court's

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104130-002/2464639

7 of 16

1  Order dated May 1, 2014. (*See* Declaration of Michael N. Feder in Support of Plaintiff's
2  Supplement to Emergency Motion for Order to Show Cause (hereinafter "Declaration to
3  Supplement"), filed on October 16, 2014, at Dkt. 70).

4  In fact, since the hearing on September 4, 2014, over forty (40) days ago, Defendants
5  have not provided any further documentation to Plaintiff's counsel in continuing violation of this
6  Court's May 1, 2014 Order. (*Id.*). Indeed, the first communication with Defendants' counsel
7  following the September 4, 2014, hearing was the discussion on October 13, 2014 relating to the
8  noticed depositions. (*Id.*).

9  ### E. Events Leading Up To The Filing Of The Instant Motion

10  Notwithstanding Defendants' failure to produce all of the documents required by this
11  Court's order of May 1, 2014, because discovery was scheduled to close on October 21, 2014,
12  Plaintiff was left with no choice but to notice Defendants' depositions. (*Id.; see also* Attached
13  Declaration of Michael N. Feder, Esq., hereinafter the "Declaration").
14  On October 7, 2014, nine (9) notices of deposition scheduling Defendants' depositions were
15  prepared and served, with depositions commencing on Wednesday, October 15, 2014 and
16  continuing through Tuesday, October 21, 2014. (*Id.*; *see also* Exhibit A, attached to Plaintiff's
17  Supplement to Emergency Motion for Order To Show Cause). Initially, Plaintiff's counsel
18  attempted to hand deliver the deposition notices to Mr. Babero at his last known address
19  provided to this Court located at the offices of Black & Lobello. (*See* Declaration to
20  Supplement). However, upon attempting to hand deliver the notices of deposition the afternoon
21  of October 7, 2014, Plaintiff's counsel was informed that Mr. Babero was no longer associated
22  with Black & Lobello and Mr. Babero's new contact information was obtained from the state bar
23  website. (*Id.*). Due to the time of day, the notices of deposition were thereafter emailed to
24  Mr. Babero and also attempted to be faxed to him. (*Id.*). On October 8, 2014, a set of deposition
25  notices were also hand delivered to Mr. Babero's new office address. (*Id.*).

26  On October 13, 2014, six (6) days after we emailed the notices of deposition and five (5)
27  days after hand delivering the notices of deposition to him, Plaintiff's counsel received a voice
28  mail message from Mr. Babero concerning the depositions. (*Id.*; *see also* Declaration).

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104130-002/2464639

Plaintiff's counsel returned the call later that day. (*Id.*). This was the first communication Plaintiff's counsel had with Mr. Babero since the September 4, 2014 hearing. (*Id.*).

Mr. Babero advised that he was in New York City and, thus, the F.R.C.P. 30(b)(6) depositions of the corporate defendants noticed for Wednesday, October 15, 2014 through Friday, October 17, 2014, would not be going forward. (*Id.*). Mr. Babero also stated that he would get back to Plaintiff's counsel the next day (i.e. Tuesday, October 14, 2014) concerning the depositions, including the availability of the deponents for the depositions noticed for Monday, October 20, 2014 and Tuesday, October 21, 2014, including that of Mr. Herman himself.[3] (*Id.*).

Mr. Babero did not get back to Plaintiff's counsel on October 14, 2014. (*Id.*). On October 15, 2014 and October 16, 2014, Plaintiff's counsel emailed Mr. Babero following up on the Monday, October 13, 2014, discussion. (*Id.*). As a result of the events occurring as related to the depositions that were noticed, Plaintiff filed his Supplement To Emergency Motion For Order To Show Cause. (Dkt. 70).

On October 17, 2014, Plaintiff's counsel sent Mr. Babero an email stating that since no contact had been made by Mr. Babero despite the multiple emails sent on October 15, 2014 and October 16, 2014, and the filing of the Supplement to Emergency Motion for Order to Show Cause, the depositions of Mr. Boman and the Herman Trust would be canceled without prejudice so as to avoid having Plaintiff from having to waste any more money on counsel preparing for depositions where no one was going to show up. (*See* Declaration; *see also* October 17, 2014, email from Plaintiff's counsel attached as Exhibit 1). Plaintiff's counsel further informed Mr. Babero that Plaintiff had now been forced to cancel 8 of the 9 noticed depositions and Plaintiff was reserving his right to take all depositions if needed following the Court's ruling on the Order to Show Cause. (*Id.*). Finally, Plaintiff's counsel also asked Mr. Babero to confirm, by no later than Monday morning, October 20, 2014, whether Defendant Herman would be present for the deposition scheduled for October 21, 2014. (*Id.*).

---

[3] The timing is significant since discovery closed in this case on October 21, 2014.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104130-002/2464639

On October 20, 2014, at 4:13 PM, Plaintiff's counsel sent Mr. Babero an email stating that since Plaintiff did not hear from Mr. Babero confirming that Defendant Herman's deposition would be going forward on October 21, 2014, Plaintiff was forced to cancel the same. (*See* Declaration; *see also* October 20, 2014, email from Plaintiff's counsel attached as Exhibit 2). Plaintiff's counsel advised Mr. Babero that Plaintiff would be filing a Motion to Compel all of the noticed depositions, along with a request for sanctions in addition to the sanctions already requested in this matter. (*Id.*).

On October 20, 2014, at 4:30 PM, Plaintiff's counsel received a response from Mr. Babero stating that Defendant Herman would not be appearing at the deposition and again requesting an extension in the discovery deadline. (*See* Declaration; *see also* October 20, 2014, email from Defendant's counsel, attached as Exhibit 3).

On October 20, 2014, at 5:41 PM, Plaintiff's counsel responded to Mr. Babero's email, notifying Mr. Babero that he had previously never raised any issue about taking depositions during their previous telephone conference. (*See* Declaration; *see also* October 20, 2014 email from Plaintiff's counsel, attached as Exhibit 4). All Mr. Babero had stated during this conference was that he would get back to Plaintiff's counsel the next day (October 14, 2014) about the depositions that had been noticed, which he never did. (*Id.*). The email further advised Mr. Babero that until his October 20, 2014, communication, Mr. Babero failed to respond to any of Plaintiff's counsel's emails on the subject. (*Id.*). Finally, Plaintiff's counsel advised that Plaintiff would not agree to another extension of the discovery period, except to allow Plaintiff to take the depositions that were properly noticed prior to the close of discovery (and to obtain the outstanding written discovery responses and documents still due from Defendants). (*Id.*).

### III.

### DEFENDANTS SHOULD NOT BE PERMITTED TO CONTINUE THEIR COURSE OF CONDUCT

FRCP 37(a)(1) states that a party may move for an order compelling discovery; in this case, for an order that the depositions of Defendants be had. Despite Defendants' depositions being properly noticed, Defendants failed and refused to attend their depositions. Instead,

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104130-002/2464639

10 of 16

Defendants' counsel asked that Plaintiff agree to another extension of the discovery deadlines so that both parties had more time to notice and take depositions. (*See* Exhibit 3). Defendants' counsel made this request despite the fact that Defendants have still not complied with this Court's previous orders regarding discovery issues and despite the fact that Defendants never noticed any depositions prior to the discovery deadline of October 21, 2014. (*See* Exhibit 4).[4]

Now, because Defendants refused to attend their depositions and failed to offer any new dates to have those depositions occur, offering instead only to stipulate to extend the discovery deadlines for all parties, Plaintiff was forced to file this Motion to Compel.

Evasion of pretrial discovery is punishable by sanctions. *Wanderer v. Johnston*, 910 F.2d 652, 655 (9th Cir. 1990). Courts have considerable discretion to impose sanctions such as dismissal or default if there has been flagrant, bad-faith disregard of discovery duties. *Id.* at 655-56. In *Wanderer*, the defendants-appellants appealed from a very substantial monetary default judgment entered against them as sanctions under FRCP 37 for flagrant discovery violations. *Id.* at 653. These violations included Defendants' failure to appear for their noticed depositions without obtaining a protective order and on most occasions, failing to even inform opposing counsel of their intention not to appear. *Id.* at 654. In regard to other discovery, there were eleven hearings and at least nine orders compelling production of documents described in plaintiffs' first request for production. *Id.* In regard to interrogatories, some of the defendants did not respond for months and the response of the remaining defendants was untimely and purported to be a "joint answer." *Id.* The magistrate stated that the defendants had exhibited complete indifference to prior warnings, the "orders of the court and their discovery obligations, thereby thwarting plaintiffs' every attempt to secure basic, legitimate discovery." *Id.* at 655. As such, the magistrate determined that "the record vividly demonstrates defendants' flagrant bad faith and willful disregard of their discovery responsibilities, justifying entry of judgment against defendants and dismissal of the counterclaims herein." *Id.* Thereafter, the district judge approved the recommendations and on appeal, the Ninth Circuit affirmed the district court

---

[4] Indeed, since new counsel appeared in this case over two (2) months ago, Defendants have not sought any discovery whatsoever.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104130-002/2464639

judge's order. *Id.*

Previously, Plaintiff filed Plaintiff's Emergency Motion for Order to Show Cause and Supplement to Emergency Motion for Order to Show Cause wherein Plaintiff requested that, in addition to awarding Plaintiff his fees and costs previously requested in his Motion for Attorney's Fees (Dkt. 60) and his fees and costs associated with his request for an Emergency Motion for an Order to Show Cause and for filing the Supplement to the Emergency Motion for Order to Show Cause, this Court enter an order striking Defendants' answer and counterclaim.

In support of Plaintiff's requests, Plaintiff cited to *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (When a party engages in a consistent, intentional, and prejudicial practice of obstructing discovery by not complying with repeated court orders and not heeding multiple court warnings, the party's abiding contempt and continuing disregard for the magistrate's orders justifies the sanction of dismissal and default) as well as FRCP 37(d)(3), which states that sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Rule 37(b)(2)(A)(i)-(vi) states, in relevant part, that if there is a failure to obey an order to provide or permit discovery, the court may issue further "just orders" including but not limited to: striking pleadings in whole or part, dismissing the action in whole or in part, and rendering a default judgment against the disobedient party. It is urged that this Court consider Defendants' most recent behavior in failing to attend their depositions in determining what sanctions are appropriate for Defendants' actions throughout this case.

Similar to *Wanderer*, the Defendants in this matter should be sanctioned due to their blatant evasion of pretrial discovery. *See Wanderer v. Johnston*, 910 F.2d 652, 655 (9th Cir. 1990). As in *Wanderer*, where Defendants' failure to appear for their noticed depositions without obtaining a protective order and on most occasions, without even informing opposing counsel of their intention not to appear led in part to an award of sanctions, the Defendants in this case did not appear for their noticed depositions and failed to timely respond to Plaintiff's multiple attempts to work with counsel to determine whether appearances would be made. *See Wanderer*, 910 F.2d at 654. Akin to *Wanderer*, where the defendants disregarded the court's orders compelling production of documents, the Defendants in this case <u>have still failed to produce</u>

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104130-002/2464639

12 of 16

necessary documentation that was originally due in June 2013 and ordered by the Court on May 1, 2014, to be produced to Plaintiff. *See Id.* Plaintiff's counsel has been attempting to obtain documentation for over sixteen (16) months. Despite not having all of the documentation ordered by the Court necessary for the taking of Defendants' depositions, Plaintiff was compelled to notice Defendants' depositions since discovery was closing on October 21, 2014. Further, at the hearing on September 4th, Defendants' new counsel represented that the documentation would be produced. As stated in the Supplement to Emergency Motion for Order to Show Cause, no documents have been produced since that representation was made on September 4th. Even then, Defendants failed and refused to attend their depositions. At this point in time, Defendants' failure to participate in the discovery process and total disregard for the orders of this Court could not be more flagrant.

Thus, as it was determined in *Wanderer* that the defendants thwarted plaintiffs' every attempt to secure basic, legitimate discovery, which led to sanctions being entered against them, the Defendants in this matter have demonstrated bad faith and willful disregard of their discovery responsibilities and the orders of this Court, justifying severe sanctions against them. *See Id.* at 655.

However, should this Court be inclined to provide relief other than that requested and allow Defendants' answer and counterclaim to stand, then as related to Defendants' failure to attend their depositions, Plaintiff requests that Defendants be compelled to have their depositions taken and an extension of the discovery deadline be given as to Plaintiff only so that Plaintiff may take the depositions of all Defendants that were originally timely noticed for dates prior to the close of discovery. If that occurs, it is specifically requested that Defendants not be allowed to conduct any further discovery given their failure to meaningfully participate in discovery and given their failure to comply with this Court's orders pertaining to discovery issues.

/ / /

/ / /

/ / /

/ / /

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

104130-002/2464639

13 of 16

## IV.

## ATTORNEY'S FEES AND COSTS ARE WARRANTED

FRCP 37(a)(5)(A) states:

(A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

In the case at bar, Plaintiff respectfully requests that he also be awarded the attorney fees and costs incurred for filing the Motion and attending any hearing on the Motion, all of which was necessitated by the ongoing conduct of Defendants and/or Defendants' counsel. As evidenced by this Motion and the prior discovery motions filed in this case, Plaintiff has been attempting in good faith to obtain the discovery in this case without court action, but Defendants' ongoing and continual failure to meaningfully participate in the discovery process (and otherwise comply with orders entered by this Court) clearly is not substantially justified and there are no other circumstances making an award of expenses unjust. FRCP 37(a)(5)(A).

## V.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the foregoing further demonstrates why the Order to Show Cause should be granted striking Defendants' answer and counterclaim[5] and awarding Plaintiff any and all requested attorneys' fees and costs, including those incurred with respect to this Motion. Alternatively, to the extent the Court does not grant

---

[5] Based upon Defendants' ongoing bad faith conduct with respect to discovery in this case, Plaintiff respectfully requests that this Court now consider entering a default judgment against Defendants and in Plaintiff's favor.

104130-002/2464639

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

the relief requested in the Order to Show Cause, Plaintiff respectively requests that Plaintiff's Motion be granted in its entirety compelling the occurrence of the nine (9) depositions noticed prior to the close of discovery (and again compelling the production of the documents ordered to be produced in this Court's order of May 1, 2014).  In the interim, pending the determination on the Order to Show and this Motion, Plaintiff respectively requests that the other deadlines in this case, including the deadline for filing dispositive motions, be stayed to avoid any further prejudice to Plaintiff.

Dated this 23rd day of October 2014.

GORDON SILVER

MICHAEL N. FEDER
Nevada Bar No. 7332
EUNICE M. BEATTIE
Nevada Bar No. 10382
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
(702) 796-5555
*Attorneys for Plaintiff/Counter-Defendant*

104130-002/2464639

**CERTIFICATE OF SERVICE**

The undersigned, an employee of Gordon Silver, hereby certifies that on the 23rd day of October, 2014, she caused a copy of the foregoing *EMERGENCY MOTION TO COMPEL DEPOSITIONS AND REQUEST FOR STAY OF REMAINING DEADLINES PENDING DETERMINATION OF THIS MOTION AND THE PENDING ORDER TO SHOW CAUSE* to be served electronically to all parties of interest through the Court's CM/ECF system and by U.S. mail as follows:

Andras F. Babero, Esq.
3351 North Buffalo Dr.
Las Vegas, NV 89129
Email: andrasbabero@hotmail.com

_____
An employee of
GORDON SILVER

104130-002/2464639

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555