**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * * * * *

RANDALL BRUCE BARLOW,

Plaintiff,

vs.

DONALD S. HERMAN, *et al.*,

Defendants.

Case No. 2:13-cv-00033-JAD-CWH

**ORDER**

This matter is before the Court on Plaintiff's Motion for Attorney Fees (#60), filed May 23, 2014; Defendants' Response (#63), filed June 6, 2014; and Plaintiff's Reply (#64), filed June 16, 2014.[1]

**BACKGROUND**

This case is a relatively straightforward contract dispute, filed approximately two years ago. Compl. (#1). Plaintiff seeks damages from Defendants Donald S. Herman, the Herman Family Trust, and several corporate entities (hereinafter "Defendants") for (1) breach of contract and (2) breach of the covenant of good faith and fair dealing.[2]

The parties submitted a proposed discovery plan and scheduling order on April 19, 2013, which was granted by the Court setting the initial discovery cutoff date for October 14, 2013. (#28). Shortly

[1] On November 13, 2014, the undersigned entered an order staying this case so that a recommendation to strike Defendants' answer and enter default could be entered. (#76). The stay was entered after it became clear that Defendant had no interest in participating in good faith in this litigation, as demonstrated by repeated failures to comply with the Court's orders and applicable rules. Because the fee issue is an ancillary issue unrelated to the substance of the litigation, the Court will address it separately from the recommendation for terminating sanctions.

[2] Defendants' filed their answer on February 15, 2013, including counter claims, to which Plaintiff filed a responsive pleading on April 8, 2013.

after briefing was complete on Plaintiff's first motion to compel (#29), the parties stipulated to move the discovery cutoff date to December 12, 2013. (#35). The parties also entered into a protective order to facilitate the exchange of discovery. (#37). The parties entered two more stipulations to extend discovery deadlines before an order was entered on the motion to compel (#29), resulting in moving the discovery cutoff date to April 22, 2014. *See* Orders (#40) and (#44). Prior to the Court's order on the motion to compel (#29), defense counsel withdrew from the case and the business entity defendants were ordered to advise the court whether they would retain new counsel. *See* Order (#46).

On January 6, 2014, Defendants appeared through new counsel and also filed a notice of bankruptcy for Defendant Willow Creek San Martin Building, LLC. *See* (#49) and (#50).[3] Shortly thereafter, on February 20, 2014, the parties filed a fourth stipulation to extend the discovery deadlines acknowledging the bankruptcy and requesting additional time to conduct additional discovery, including expert discovery on the valuation of the business entity defendants, obtaining medical release authorizations, and continued settlement efforts. The stipulation was approved resulting in the discovery cutoff date being moved to June 23, 2014. (#53).

On April 15, 2014, approximately two months before the then operative discovery cutoff date, Plaintiff's filed an emergency motion to compel seeking: (1) further supplementation of prior discovery responses related to the valuation of the defendant entities, (2) contracts, agreements, promissory notes or other negotiations entered into by Defendant Herman for a specified period of time, (3) materials evidencing or supporting any lending or borrowing activities by Defendants for a specified period of time, (4) bank statements, (5) real estate/asset transfers, (6) financial statements, including any balance sheets or cash flow documents, and (7) compelled signatures on medical authorizations for Defendant Herman given the claim that he lacked capacity to enter into the contract at issue in this litigation. The request to consider the motion on an emergency basis was granted and a hearing set for April 29, 2014.

In response, Defendants agreed to provide supplemental information to many of the disputed requests. They continued to contest, however, that Plaintiff's were not entitled to financial records

---

[3] These actions were undertaken by Defendants on the same date the Court entered its order on Plaintiff's motion to compel (#29).

relating to Defendants "lending and borrowing" activities, bank statements, financial statements or other financial records because such information was not relevant unless and until Plaintiff established the existence of a contract. Defendants also continued objection to the request that Defendant Herman sign medical authorizations. In reply, Plaintiff reiterated several of the arguments raised in the initial motion. By declaration, Plaintiff's counsel indicated that she initiated a personal consultation, as instructed by the Court, shortly after filing the motion to compel. It was her understanding that, as a result of the consultation, the objection to signing medical authorizations had been withdrawn as were objections related to the requested supplemental responses.

On May 1, 2014, the Court heard oral argument on the motion to compel. Before addressing the substance of the motion, the Court expressed its extreme dissatisfaction with Defendants' counsel's unwillingness to personally consult with Plaintiff's counsel on the issues raised in the motion. The undersigned found that defense counsel's tactics represented a "dismal failure to cooperate" that were "completely unprofessional" leading to the unnecessary multiplication of litigation costs. Defendants' relevance objection to the further supplementation to financial records was overruled. Defense counsel's argument was not that the records were irrelevant, but that they would not become relevant unless and until Plaintiff proved liability. Thus, the objection was not really an objection, but a desire to hold discovery on damages in abeyance until a determination was made on liability. The undersigned rejected the proposed approach. Further, the parties were able to agree that Defendant would provide the medical authorizations requested for an agreed upon time period. At the end of the hearing, the undersigned found that Plaintiff had prevailed on the motion and was, therefore, entitled to request fees pursuant to Fed. R. Civ. P. 37(a)(5). The parties were encouraged to meet and confer to resolve the fee issue. The parties were also instructed to meet and confer regarding whether an additional discovery extension was necessary in light of the ordered production.[4]

Unable to resolve the fee issue arising from the motion to compel, Plaintiff's counsel filed a motion for attorney fees on May 23, 2015, seeking in excess of $12,000.00 for having to file the motion

---

[4] On June 2, 2014, the parties submitted a fifth stipulation to extend discovery, which was approved. *See* Order (#62). Consequently, the discovery cutoff date was extended to October 21, 2014.

to compel. (#60). Defendants oppose the motion on several grounds, including that the objections to the compelled discovery were substantially justified and, therefore, an award of fees is improper under Rule 37(a)(5)(A)(ii). To the extent the objections were not substantially justified, Defendants argue that the fees are unreasonable and based on rates higher than is customary in Las Vegas. Thus, they request that any fee award be limited to a period of 25 hours at a substantially lower rate. Plaintiff replies that it was defense counsel's unwillingness to participate in the pre-motion personal consultation which led to the filing of the motion to compel. Additionally, Plaintiff disputes that the objections to the compelled discovery responses were substantially justified.

**DISCUSSION**

The parties assume that fees are appropriate under Fed. R. Civ. P. 37(a)(5)(A), which makes the award of attorney fees and costs mandatory in cases where the moving party prevails unless (1) the motion was filed before the moving party made a good faith attempt to obtain the discovery without court action, (2) the responding party's objection or non-disclosure was substantially justified, or (3) other circumstances would make the award unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The motion, however, was not granted in full. Though much of the motion was granted, the Court did modify the temporal scope of the medical records sought. Thus, the motion was granted only in part and the Court has discretion whether to apportion the "reasonable expenses" for the motion under Rule 37(a)(5)(C) ("If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.").

Near the conclusion of the May 1, 2014 hearing on the motion to compel, the Court indicated that Plaintiff was entitled to move for fees and costs. The Court did not grant an award of fees, but invited the application assuming the parties could not resolve the fee issue. The Court expressly stated during the hearing that Defendants were not precluded from objecting to an award of fees under Rule 37. The primary difference between Rule 37(a)(5)(A) and Rule 37(a)(5)(C) is that an award is discretionary under Rule 37(a)(5)(C). Ultimately, the analysis underlying a decision under either subsection is the same and the arguments pertaining to exceptions under Rule 37(a)(5)(A) are equally applicable to the determination of whether fees and costs should be apportioned under Rule 37(a)(5)(C).

*C.f. Switch Communications Group LLC v. Ballard*, 2011 WL 5041231 (D. Nev.). The primary argument advanced by Defendants is that its objections to the requested discovery were substantially justified. A nondisclosure or objection to a discovery request is substantially justified if reasonable people could differ on whether a party was bound to comply with a discovery rule. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see also Flones v. Property & Cas. Ins. Co. of Hartford*, 2013 WL 5408659 (D. Nev.).

In regard to the financial records, the Court disagrees that Defendants' nondisclosure was substantially justified. Essentially, Defendants argued that disclosure was not necessary because the financial records would only be relevant to damages. Thus, until Plaintiff proved liability, financial records should not have to be disclosed. The acknowledgment that the financial records would be relevant to damages is an express admission that the sought after records are relevant for discovery purposes. What Defendant was seeking to do was to bifurcate discovery, an improper objection to a specific discovery request that was not substantially justified.

The Court, however, agrees that Defendants determination not to sign a medical authorization in response to a Rule 34 request was substantially justified. There is no doubt the records are relevant, but, as this Court has previously made clear, Rule 34 is not an appropriate avenue to obtain signed medical release forms from a litigant. *See Lopez v. Cardenas Markets, Inc.*, 2011 WL 4738111 (D. Nev.) (citing *Clark v. Vega Wholesale*, 181 F.R.D. 470 (D. Nev. 1998). While an agreement to sign an authorization is both advisable and enforceable, nothing in Rule 34 requires a party sign a medical release for medical records upon request. It is just as easy for a requesting party to obtain records pursuant to Fed. R. Civ. P. 45 as it is for a responding party. Nevertheless, as stated in *Lopez*, "[t]he Court agrees that it can be more efficient and expeditious for a responding party to provide written authorization for release of relevant medical records[,]" and "[p]arties are not precluded from agreeing to such a framework." *Lopez*, 2011 WL 4738111 *4. The Court was encouraged by defense counsel's agreement to provide medical releases for the modified time frame. The Court will hold Defendants to this agreement, but views the initial objection to doing so as substantially justified.

Lastly, the undersigned addresses the multiple attempts at personal consultation undertaken by Plaintiff's counsel. As noted in the hearing, defense counsel displayed a "dismal failure to cooperate"

in the personal consultation, which the undersigned views as a reciprocal obligation. Defense counsel's failure to participate was described during the hearing as "completely unprofessional" and left the Court "very dissatisfied." Even so, defense counsel was not the only one to jettison the rules in a rush to the courthouse. Plaintiff's counsel also failed to comply with the Local Rules by failing to set forth the "full text of the discovery originally sought and the response thereto" in the motion. Further, a preliminary review of Plaintiff's counsel's fee application shows several instances where review and redaction would have been appropriate. A motion for fees under Rule 37 should not work a financial windfall, but must be carefully constructed with a sharp eye toward removing duplication and non-essential billing. That was not done here. Consequently, the Court will exercise its discretion under Rule 37(a)(5)(C) and require the parties to bear their individual costs and fees in relation to the motion to compel.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees (#60) is **denied**.

Dated: February 26, 2015.

**C.W. HOFFMAN, JR.**
**UNITED STATES MAGISTRATE JUDGE**