UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

RANDALL BRUCE BARLOW,

    Plaintiff,

vs.

DONALD S. HERMAN, et al.,

    Defendants.

Case No.  2:13-cv-00033-JAD-CWH

**REPORT AND RECOMMENDATION**

    This is a report and recommendation to the United States district judge assigned to this case that Defendants Donald Herman, Herman Family Trust, Willow Creek at San Martin Assisted Living, LLC, Willow Creek Buffalo Assisted Living, LLC, Willow Creek Buffalo, LLC, Willow Creek Memory Care West, LLC, and Silver Care, LLC's ("Defendants") answer and counterclaim (ECF No. 20) be stricken.[1]

**I.**    **BACKGROUND**

    The parties are familiar with the facts of this case, which are described in assiduous detail in Plaintiff's various motions to compel, and the court will repeat them here only as necessary.  This case arises out of a dispute regarding an employment contract between Plaintiff Randall Bruce Barlow and Defendants.  Plaintiff filed a complaint alleging claims for breach of contract and breach of the covenant of good faith and fair dealing against Defendants.  (Compl. (ECF No. 1).)  Defendants filed an answer and counterclaims for declaratory relief, fraud in the inducement, and fraudulent misrepresentation against Plaintiff.  (Answer & Countercl. (ECF No. 20).)

---

[1] Defendant Willow Creek San Martin Building, LLC filed a notice of bankruptcy (ECF No. 50) stating that it had filed a voluntary Chapter 11 petition, thereby staying this case as to that defendant. Thus, this report and recommendation does not apply to Defendant Willow Creek San Martin Building, LLC.  The court will require Defendant Willow Creek San Martin Building, LLC to file a written status report regarding its bankruptcy case within 14 days of the date of this report and recommendation.

During discovery, Plaintiff served written discovery requests on Defendants, and because responses were not timely received, Plaintiff filed a motion to compel. (Pl.'s Mot. to Compel (ECF No. 29).) Ultimately, Defendants responded to the discovery requests, and the court denied the motion to compel. (Order (ECF No. 51).) Plaintiff required further supplementation of the discovery responses, however, and the parties made multiple attempts to meet and confer regarding supplementation. (Decl. of Eunice M. Beattie, Esq. in Support of Mot. To Compel (ECF No. 54) at 2-4.) Plaintiff's attorney represents that before the issues regarding supplementation were resolved, Defendants' attorney withdrew and Plaintiff's attorney was unable to resolve the outstanding issues with Defendants' new attorney, requiring Plaintiff to file a second motion to compel. (Order Granting Mot. to Withdraw (ECF No. 46); Not. of Appearance of Att'y Brett D. Ekins on Behalf of Defs. (ECF No. 48); Decl. of Eunice M. Beattie, Esq. in Support of Emergency Mot. to Compel (ECF No. 54) at 2-5.) At a hearing on May 1, 2014, the court granted the second motion to compel, ordering Defendants to respond completely to Plaintiff's request for discovery on financial issues by May 16, 2014. (Am. Mins. of Proceedings (ECF No. 59).)

Defendants did not provide complete responses to the discovery requests on financial issues to Plaintiff. (Decl. of Eunice M. Beattie, Esq., in Support of Emergency Mot. for Order to Show Cause (ECF No. 65) at 2.) Plaintiff's attorney represents that during her meet-and-confer conference with Defendants' second attorney regarding the incomplete responses, Defendants' attorney stated that he was in the process of withdrawing and that he would not provide supplemental responses. (*Id.* at 3.) On July 29, 2014, Plaintiff filed an emergency motion for order to show cause why Defendants should not be held in contempt of the court's order dated May 1, 2014. (Emergency Mot. for Order to Show Cause (ECF No. 65).) The court granted the emergency motion, set a show cause hearing, and ordered Defendants to show cause in writing before the hearing why they failed to comply with the court's discovery order. (Order (ECF No. 66).) The court's order to show cause explicitly warned Defendants that the court was considering entering dispositive sanctions for their failure to comply with the court's discovery order and required Defendant Donald Herman to attend the hearing in person. (*Id.* at 2.) After the emergency motion was filed but before the show cause hearing was held, Defendants filed a motion to substitute attorneys, which the court granted, thereby allowing Defendants' third attorney to

1  appear in this case.  (Order (ECF No. 68).)  Defendants did not file a written response to the show cause
2  order.
3        At the show cause hearing, which Defendant Herman attended in person, the court verbally
4  advised Defendants that they were facing possible contempt sanctions as well as Rule 37(b) sanctions
5  for failure to comply with the court's discovery order dated May 1, 2014.  Defendants' third attorney
6  apologized for the previous attorneys' actions, assured the court that Mr. Herman was unaware of
7  Defendants' failure to respond to discovery, and represented to the court that Defendants would produce
8  the outstanding documents within one week.  Defendants did not offer a specific explanation for their
9  failure to file a written response to the order to show cause.  The court determined that it would take the
10 matter under advisement and enter a written order.  (Mins. of Proceedings (ECF No. 69).)
11       Approximately six weeks after the show cause hearing, Plaintiff filed an additional brief stating
12 that Plaintiff still had not received any further documents or any communication whatsoever from
13 Defendants' third attorney.  (Pl.'s Supp. to Emergency Mot. for Order to Show Cause (ECF No. 70).)
14 Additionally, Plaintiff filed an emergency motion to compel nine depositions and to stay the remaining
15 deadlines in this case.  (Emergency Mot. to Compel Deps. (ECF No. 71); Emergency Mot. to Stay (ECF
16 No. 72).)  Given Defendants' ongoing unwillingness to participate in discovery in good faith, the court
17 entered an order stating that it would recommend to the district judge assigned to this case that
18 Defendants' answer be stricken and that default be entered against Defendants.  (Order (ECF No. 76).)
19 The court stayed the case to avoid Plaintiff having to incur any additional fees and costs.  (*Id.*)

20 **II.  ANALYSIS**

21       The broad, underlying purpose of the Federal Rules of Civil Procedure is to "secure the just,
22 speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  The rules
23 provide several mechanisms that allow courts to accomplish this goal through the use of sanctions
24 against parties that fail to comply with court orders or that unnecessarily multiply proceedings.  Federal
25 Rule of Civil Procedure 16 is the central pretrial rule that authorizes courts to manage their cases "so
26 that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is
27 improved, and settlement is facilitated."  *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d
28 1217, 1227 (9th Cir. 2006).  Specifically, Rule 16(f) "puts teeth into these objectives by permitting the

judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal." *Id.* Rule16(f) provides in relevant part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C).

Rule 37 governs discovery disputes, and like Rule 16, it provides for sanctions against a party that fails to comply with discovery orders: "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Potential sanctions under Rule 37(b)(2)(A) include striking pleadings and rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). "A court must consider the following five factors before striking a pleading or declaring default: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (quotation omitted). Only "willfulness, bad faith, or fault of the party" justify terminating sanctions. *Id.* (quotation omitted). It is within the court's discretion whether to impose discovery sanctions. *Id.*

### A. Expeditious Case Resolution and Docket Management

"Orderly and expeditious resolution of disputes" is of utmost importance in the rule of law. *In re Phenylpropanolamine*, 460 F.3d at 1227. "[D]elay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *Id.* Here, Defendants have completely disengaged from participation in this case, as demonstrated by their failure to comply with the court's orders and their failure to respond in writing to the court's order to show cause. Defendants' repeated failures to participate in discovery and to comply with the court's orders are inconsistent with Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this action. Defendants' failures to comply with the court's orders also have interfered with the court's management of its docket, multiplied these proceedings, and have squandered both Plaintiff and the court's resources. Thus, the first two factors regarding the public's interest in expeditious case resolution and the court's need to manage its docket weigh in favor of terminating sanctions.

### B. Prejudice and Disposition on the Merits

"The most critical factor to be considered in case-dispositive sanctions is whether a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007) (quotation omitted). "[R]efusal to comply with court-ordered production of documents constitutes an interference with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). Here, Defendants' repeated failures to comply with the court's orders have not only made it impossible for this case to move forward, but are prejudicial to Plaintiff, who is entitled to conduct discovery, proceed to trial, and obtain a rightful decision in this case. Given Defendants' ongoing failure to produce documents, the court finds that it would be "impossible for the district court to conduct [ ] trial with any reasonable assurance that the truth would be available." *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1097. Although the public policy favoring disposition of cases on the merits generally weighs against case-terminating sanctions, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re Phenylpropanolamine*, 460 F.3d at 1228. As such, the third and fourth factors weigh in favor of terminating sanctions.

### C. Less Drastic Sanctions

A court must consider the adequacy of less drastic sanctions before imposing dismissal sanctions. *Conn. Gen. Life Ins. Co.,* 482 F.3d at 1096. In determining whether less drastic sanctions are appropriate, a court should analyze whether it "has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Id.* Here, mindful of the policy favoring resolution of disputes on the merits, the court provided Defendants multiple opportunities to provide discovery and to avoid serious sanctions. Regardless, Defendants failed to comply with the court's orders on multiple occasions. Defendants were specifically warned at the show cause hearing that they were facing possible contempt sanctions and Rule 37(b) sanctions. Defendants' willful and repeated conduct makes it impossible for this case to proceed, and given Defendants' failure to comply with past orders, the court has no reason to believe they would comply with future orders. As such, this factor weighs in favor of terminating sanctions.

### D. Conclusion

Given that these factors all weigh in favor of terminating sanctions, the court will recommend that Defendants' answer and counterclaim be stricken as a sanction for Defendants' refusal to respond to written discovery and to comply with the court's orders. The court further will order that the stay in this case be lifted to allow Plaintiff to move for default judgment or take any other action that Plaintiff deems appropriate in light of the district judge's disposition of this report and recommendation.

## III. RECOMMENDATION AND ORDER

IT IS THEREFORE RECOMMENDED that Defendants Donald Herman, Herman Family Trust, Willow Creek at San Martin Assisted Living, LLC, Willow Creek Buffalo Assisted Living, LLC, Willow Creek Buffalo, LLC, Willow Creek Memory Care West, LLC, and Silver Care, LLC's answer and counterclaim (ECF No. 20) be STRICKEN.

IT IS ORDERED that the stay of litigation is lifted.

IT IS FURTHER ORDERED that within 14 days from the date of this order that Defendant Willow Creek San Martin Building, LLC must file a written status report regarding the status of its bankruptcy case.

## IV. NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 2, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**