1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Randall Bruce Barlow,

     Plaintiff

v.

Donald S. Herman., et al.,

     Defendants

2:13-cv-00033-JAD-CWH

**Order Denying without Prejudice Motion for Default Judgment**

[ECF No. 102]

      Randall Bruce Barlow sues Donald S. Herman, the Herman Family Trust, and six entities managed by Herman and majority-owned by the Trust for breach of an employment contract and breach of the implied covenant and fair dealing. After defendants refused to respond to written discovery requests and repeatedly violated this court's discovery orders, I struck their answer and counterclaims.[1] Defaults have been entered against all defendants,[2] and Barlow now moves for default judgment.[3] Because Barlow has not sufficiently pled claims upon which relief can be granted or proven his damages, I deny the motion without prejudice and give him until April 3, 2017, to file a renewed motion for default judgment curing these deficiencies.

## Background

      Donald S. Herman serves as the grantor, trustee, and beneficiary of the Herman Family Trust, which owns at least a 90% controlling interest in six limited-liability companies that provide assisted-living services and residences and are managed by Herman.[4] In September 2012, Herman and Randall Bruce Barlow entered into an employment agreement under which Barlow agreed to serve as the Chief Executive Officer of the LLCs from October 1,

---

[1] ECF No. 81.

[2] ECF Nos. 89, 90, 92, 93.

[3] ECF No. 102.

[4] ECF No. 1 at ¶¶ 1–6. It is unclear who the other members of the LLCs are.

2012–October 1, 2013.[5]  The parties agreed that Barlow would be compensated $20,000 per month for the first six months and $30,000 for the second six months, and that Barlow would receive a 5% interest in the companies and be compensated for all travel expenses associated with his employment.[6]  Shortly after Barlow assumed the role of CEO, the parties engaged in failed negotiations to amend the employment agreement to alter the terms of Barlow's compensation.[7]  On November 19, 2012, Herman advised Barlow that he no longer "desire[d] any long term employment relationship with Mr. Barlow," and he never paid him for any services rendered under the contract.[8]

Barlow filed this suit in January 2013 asserting claims for breach of contract and breach of the implied covenant of good faith and fair dealing against Herman, both individually and as alter ego of the Herman Family Trust and the Herman entities: Willow Creek at San Martin Assisted Living, LLC; Willow Creek San Martin Building, LLC; Willow Creek Buffalo Assisted Living, LLC; Willow Creek Buffalo, LLC; Willow Creek Memory Care West, LLC; and Silver Care, LLC.  After defendants refused to respond to written discovery requests and repeatedly violated this court's discovery orders despite being warned that case-dispositive sanctions could result, I struck defendants' answer and counterclaims.[9]  Defaults have been entered against all defendants,[10] and Barlow now moves for default judgment.[11]  Barlow seeks $625,000 in compensatory damages—$300,000 in salary payments and $325,000 for the 5% interest in the Herman Entities that was due under the contract—plus interest and costs.

---

[5] *Id.* at ¶¶ 11–13.

[6] *Id.* at ¶ 13.

[7] *Id.* at ¶ 17.

[8] *Id.* at ¶ 20.

[9] ECF No. 81.

[10] ECF Nos. 89, 90, 92, 93.

[11] ECF No. 102.

**Discussion**

**A.    Default judgment**

Federal Rule of Civil Procedure 55(b)(2) permits a plaintiff to obtain a default judgment if the clerk previously entered default based on a defendant's failure to defend.  After entry of default, the complaint's factual allegations are taken as true, except those relating to damages.[12] "[N]ecessary facts not contained in the pleadings, and claims [that] are legally insufficient, are not established by default."[13]  The court has the power to require a plaintiff to provide additional proof of facts or damages in order to ensure that the requested relief is appropriate.[14]  Whether to grant a motion for default judgment lies within my discretion,[15] which is guided by the seven factors outlined by the Ninth Circuit in *Eitel v. McCool*:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.[16]

A default judgment is generally disfavored because "[c]ases should be decided upon their merits whenever reasonably possible."[17]

---

[12] *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam); FED. R. CIV. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

[13] *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

[14] *See* FED. R. CIV. P. 55(b)(2).

[15] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

[16] *Eitel*, 782 F.2d at 1471–72.

[17] *Id.* at 1472.

3

**B.      Barlow fails to plead claims upon which relief may be granted.**

The second and third *Eitel* factors require Barlow to demonstrate that he has stated a claim on which he may recover.[18]  To prevail on a breach-of-contract claim in Nevada,[19] Barlow must show: (1) formation of a valid contract; (2) performance or excuse of performance by the plaintiff; (3) material breach by the defendant; and (4) damages.[20]

Barlow alleges that "on or about September 8, 2012, Defendant Herman and Plaintiff Barlow entered into an Employment Agreement," and he details several terms of that agreement.[21]  Barlow also alleges that Herman executed the employment agreement on behalf of the Trust (of which he is the grantor, beneficiary, and trustee) and the Barlow LLCs (in which the Trust owns a controlling 90% share).  Finally, Barlow alleges that Herman has the "sole and final governing authority and influence" over the Herman Trust and the Herman LLCs, has commingled his assets with each of those entities, and that he runs them for his own benefit, making Herman personally liable as an alter-ego for any damages incurred on their behalf.[22]

I find that Barlow has not sufficiently pled the existence of a valid contract.  In some

---

[18] *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

[19]  Though not specifically alleged in the complaint, the facts plausibly show that Nevada law governs the employment contract because the bulk of the contract work would be performed in Nevada as Barlow was hired to manage six Nevada LLCs with principal places of business in Nevada, and Barlow claims that he moved to Nevada for the position.  ECF No. 1. at ¶¶ 2–4, 16.

[20] *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987).

[21] ECF No. 1 at ¶ 3.  It appears that Barlow's contract was an oral agreement because he does not attach the contract to his complaint or motion.  I note that the alleged agreement was not performable within one year of its formation, so it would normally be void under Nevada's statute of frauds.  NEV. REV. STAT. § 111.220 (emphasis added).  However, the Nevada Supreme Court has stated that "'A complete admission in court by the party to be charged should dispense with the necessity of any writing whatever'" and, thus, removes it from the statute of frauds. *Edwards Industries v. DTE/BTE, Inc.*, 923 P.2d 569, 573 (Nev. 1996) (quoting 2 Arthur L. Corbin, *Corbin on Contracts*, 498, at 683 (1950)).  Defendants have admitted to the existence of a valid contract and the terms alleged in the complaint by virtue of their default.

[22] ECF No. 1 at ¶¶ 24–25.

4

places he alleges that he entered into a contract with Herman himself, but in others he alleges that he entered into contracts with the Herman Trust and the Herman entities through Herman, who was acting on their behalf.  I am thus unable to tell who employed Barlow: Was it Herman, the Herman Trust, the Entities (or a portion of them), or all three?  Barlow's conclusory bathtub alter-ego allegations do not cure this defect and allow me to conclude whoM contracted with Barlow and is thus liable for the damages he seeks.  If Barlow chooses to file a renewed motion, he must clearly identify which defendants contracted with him and under what theory.

Barlow also fails to state a claim for breach of the implied covenant of good faith and fair dealing.  Recovery under this theory is available when "the terms of a contract are literally complied with but one party to the contract deliberately contravenes the intention and spirit of the contract."[23]  Barlow does not allege that the terms of the contract were literally complied with; he alleges that defendants breached the agreement.  Accordingly, Barlow has not sufficiently pled a claim for breach of the implied covenant of good faith and fair dealing.

**C.  Barlow fails to show that the recovery sought is proportional to the harm caused by the defendants' conduct.**

The third *Eitel* factor "requires that the court assess whether the recovery sought is proportional to the harm caused by defendants['] conduct."[24]  Barlow seeks to recover $773,228.47, which is comprised of $625,000 in contractual damages ($300,000 in lost salary payments and $325,000 for the promised ownership interest), $145,813.36 in prejudgment interest, and $2,415.11 in costs.  The amount of money at stake in this action—nearly $800,000—is plainly significant, and it is not clear that the harm from defendants' breach is proportional to this recovery.  It is unclear whether Barlow continued to perform CEO services under the contract after Herman repudiated it in November 19, 2012.  It is also unclear whether Barlow took any steps to mitigate his damages by seeking alternative employment, but it seems

---

[23] *Hilton Hotels v. Butch Lewis Productions*, 808 P.2d 919, 923 (Nev. 1991).

[24] *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010) (citation omitted).

unlikely that he did so because he alleges in the complaint that he "came out of retirement" to accept the CEO position.[25]  It appears based on the information before me that the award Barlow seeks is excessive in light of defendants' breach, which occurred near the beginning of his employment.

Though the remaining *Eitel* factors weigh in Barlow's favor, default judgment is inappropriate because he has failed to show that his claims entitle him to relief and that the relief he seeks is proportional to the harm caused by defendants' conduct.  And, for the same reason that Barlow's proportionality showing fails, he has failed to sufficiently prove that the damages he seeks are appropriate.  I therefore deny without prejudice Barlow's motion for default judgment.  If Barlow can provide additional evidence and analysis showing that he is entitled to the relief he seeks, he may file a renewed motion for default judgment by April 3, 2017.  If no new motion is filed by this date, I will close this case.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that **Barlow's motion for default judgment [ECF No. 102] is DENIED** without prejudice.

If Barlow chooses to file a new motion for default judgment, he must do so by **April 3, 2017.**

DATED: March 20, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[25] ECF No. 1 at ¶ 11.

6